UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-cr-363 (ADM/ECW)

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

JUSTIN MICHAEL KITTLESON,

                  Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and defendant Justin Michael Kittleson (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charges the defendant with Carjacking and Brandishing a Firearm, in violation of 18 U.S.C. §§ 2119(1) and 924(c)(1)(A)(ii). The defendant fully understands the nature and elements of the crimes with which he has been charged. In consideration for his plea, the Government agrees it will not seek a Superseding Indictment or otherwise pursue charging the defendant with additional offenses resulting from its present case or investigation.

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Counts 1 and 2 of the Indictment. In pleading guilty, the defendant admits

1

the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

      a.     On or around September 24, 2022, the Defendant approached two victims, S.J. and her father R.W. in the parking lot of a Cub Foods grocery store located in Blaine, Minnesota. S.J. and R.W. were loading groceries into their car, a white 2021 Dodge.

      b.     The defendant approached S.J. at the trunk of her car, demanded the keys to the car, and pointed a gun at her. The defendant took the keys from S.J. R.W. attempted to intervene, and a struggle ensued. At some point in the struggle, a shot was fired from the gun (and a 9MM shell casing later recovered from the scene.)

      c.     The defendant knowingly and intentionally took control of the car and drove away.

      d.     The defendant agrees that he took a motor vehicle from S.J. and R.W. by means of force and violence, and with the intent to cause death or serious bodily harm, and that the motor vehicle was shipped, or received in interstate or foreign commerce before it was taken.

      e.     The defendant also agrees that the crime he committed, carjacking, is a crime of violence pursuant to 18 U.S.C. § 924(c). Further, the defendant agrees that he brandished a firearm while committing the carjacking described above and therefore agrees that he violated 18 U.S.C. § 924(c)(1)(A)(ii).

3.     **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case.   The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.     **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.  The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.   By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel.   The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.      **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.      **Statutory Penalties**. The defendant understands that Count 1 of the Indictment is a felony offense that carries the following statutory penalties:

   a.   a maximum of 20 years in prison;
   b.   no mandatory minimum term of imprisonment;
   c.   a supervised release term of not more than 3 years;
   d.   mandatory restitution pursuant to 18 U.S.C. § 3663A; and
   e.   a fine of up to $250,000.

The defendant further understands and agrees that Count 2 of the Indictment is a felony offense that carries the following statutory penalties:

   a.   an 84-month mandatory minimum term of imprisonment that must run consecutive to Count 1;
   b.   a supervised release term of not more than 5 years;
   c.   a fine of up to $250,000; and
   d.   a mandatory special assessment of $100.

7.      **Guidelines Calculations**.     The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.*  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations.  The parties stipulate to the following guidelines calculations:

   a.   <u>Base Offense Level</u>. The parties agree that the base offense level is 20.  U.S.S.G. § 1B3.1(a).

b.   <u>Specific Offense Characteristics</u>. The parties agree the offense involved carjacking, so 2 levels are added pursuant to U.S.S.G. §2B3.1(b)(5). The parties do not believe a 7-level increase is warranted based on the discharge of the firearm under U.S.S.G. §2B3.1(b)(2)(A) based on the language set forth in U.S.S.G. §2K2.4, application note 4, which notes that a plea to 924(c) obviates application of this provision. Accordingly, the parties agree that the adjusted offense level is 22.

c.   <u>Chapter 3 Adjustments</u>.   The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d.   <u>Acceptance of Responsibility</u>: The parties agree that if defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that defendant receive a 3-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e.   <u>Total Adjusted Offense</u> Level. Factoring in the reduction for accepting responsibility, the parties agree the defendant's total adjusted offense level as to Count 1 of the Indictment is 19.

f.   <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category IV.   U.S.S.G. § 4A1.1.   This does not constitute a stipulation, but a belief based on an assessment of the information currently known.   The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.   The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he

will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. <u>Guidelines Range</u>. If the adjusted offense level is 19, and the criminal history category is IV the Sentencing Guidelines range for Count 1 is **46-57 months of imprisonment**.

h. <u>Consecutive Mandatory Minimum for Count 2</u>. The defendant agrees that the guideline range for Count 2 is a consecutive mandatory minimum term of **84 months' imprisonment**.

i. <u>Fine Range</u>. If the adjusted offense level is 19, the Sentencing Guidelines fine range is $10,000 - $100,000. U.S.S.G. § 5E1.2(c).

a. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 2 years up to a maximum supervised release term of 5 years. U.S.S.G. § 5D1.2(a).

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history

category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.  **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11.  **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12.  **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime(s). The defendant agrees that he owes restitution and agrees that the Court shall order him to pay restitution to S.J. and R.W. in an amount to be determined by the Court at the time of sentencing.

13.     **Disclosure of Assets.**  The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court.  The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea.  The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court.  If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14.     **Forfeiture.**  The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearm(s) and associated accessories and ammunition: (1) a blue and black Glock 45, 9mm handgun nearing serial number AFHP140 , and (2) a Polymer80 9mm pistol, no serial number, both seized from 9033 Vinewood Lane N, Maple Grove, MN. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in

the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

15. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 130 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 130 months' imprisonment.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.   **Complete Agreement.**   The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney.  The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement.  This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 4/26/22

BY:   *Lindsey E. Mu*
LINDSEY E. MIDDLECAMP
Assistant United States Attorney

Date: 4/26/23

JUSTIN MICHAEL KITTLESON
Defendant

Date: 4-26-23

AARON MORRISON
Counsel for Defendant