UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 22-CR-363 (ADM/ECW) |
| Plaintiff, | |
| v. | **POSITION OF JUSTIN KITTLESON WITH RESPECT TO SENTENCING** |
| JUSTIN MICHAEL KITTLESON, | |
| Defendant. | |

Defendant, Justin Michael Kittleson, by and through his attorney, submits this position pleading in support of a sentence of 108 months. A sentence of 108 months sends an appropriate message of deterrence to both the community and Mr. Kittleson. It reflects a small variance from an adjusted guideline calculation applying the forthcoming amended guidelines and recognizes Mr. Kittleson's insight into the consequences of his crime.

On July 22, 2023, I met with Mr. Kittleson in the Sherburne County Jail. While this case is not his first experience with the criminal justice system, this is the first time he has spent a significant amount of time in custody and knows that he has years yet to spend. As we talked, he told me with complete frankness he will not be coming back to a place like the Sherburne County jail. He then shared a story about a fellow inmate who has just recently finished serving a ten-year sentence and had been out of custody for less than a year before returning. The casualness of the inmate's story shocked him. Mr. Kittleson could not believe someone would be so careless with their time. That their freedom could mean so little. He then repeated, I am never coming back to a place like this.

1

Mr. Kittleson possesses two insights that give him a real chance of never coming back. The first is the recognition that incarceration is a waste of one's life. It is blank place in one's history. There are no experiences to be had, no memories worth remembering to be made. Instead, only the loss of time in one's story. The second insight is reflected in his acceptance statement.

> When I think about what I did I think about the victims. I imagine they were very scared by what I did. I could have hurt or killed somebody that day with the gun. I think about how for such a stupid reason I probably changed someone's life forever, how I could have taken someone's life. The horrible impact that would have had on everyone involved. I think about how the victims could have been my family. Nobody should have to live through what I did. It makes me upset with myself that I did this. I will think about what I did for the rest of my life. I am sorry I put the victims through this.

These words were the product of a conversation Mr. Kittleson and I had on June 23, 2023, again in the small visiting room at the Sherburne County jail. We talked about the events. He talked about the emotional connection he felt when he connected the fear of the victims to the reality the victims could have been someone he loved.

Mr. Kittleson is a young man. When he leaves prison the vast majority of his adult life will have been spent locked up. But I believe he will be in a position to deliver on his promise not to return, because he has two powerful insights that demonstrate a maturity that runs counter to his age. A sentence of 108 months accomplishes the goals of sentencing in this case. It punishes Mr. Kittleson with a real sentence, but also encourages him to hold onto his desire never to return to prison.

**I.     PARAGRAPH 89 OF THE PSR REFLECTS THE APPROPRIATE GUIDELINE CALCULATION IN THIS CASE.**

The amended sentencing guidelines anticipated to take effect in a few months adjusts criminal history calculations by eliminating points for certain crimes that the Commission no longer believes should be considered in determining the appropriate guideline sentence. In Mr. Kittleson's case application of the amended guidelines results in a criminal history level reduction from a category IV to a category III, thus reducing his guideline range in Count 1 to 37 to 46 months. (ECF #40 at ¶89). Given the status of the pending amended guidelines, Mr. Kittleson moves the Court pursuant to USSG §4A1.3 for a reduction to his criminal history category. Application of §4A1.3 in this case is fair as it reflects both the new thinking of the Commission in relation to criminal history calculations and is an accurate reflection of the seriousness of Mr. Kittleson's criminal history.

**II.    The 18 U.S.C. § 3553(A) Factors In This Case Warrant A Downward Sentence Variance.**

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, Gall v. United States, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Mr. Kittleson respectfully requests a sentence of 108 months, reflecting a sentence of 24 months on Count 1 and 84 months on Count 2.

If the Court adopts an adjusted guideline range of 37 to 46 months in relation to Count 1 then Mr. Kittleson's sentencing request represents a 13-month variance from the recommended sentence. Mr. Kittleson's life history, his young age, and his insight warrant that variance. Mr. Kittleson grew up without a father. (ECF #40 at ¶46). And while he reports a supportive home and a mother who provided for basic needs, the reality is she did

not provide the typical parenting experience. There were no boundaries. Mr. Kittleson was essentially free to come and go as he pleased. Living with whatever family member gave him the most freedom. (ECF #40 at ¶48). Without limits or structure Mr. Kittleson found trouble. Unfortunately, that trouble multiplied and now he finds himself before this Court. A young man facing a lengthy prison sentence. But his insight into the impact his crime has caused, not only for himself, but most importantly on others reflects a person capable of change.

Stealing a car at gunpoint is inexcusable. The fear he created, the danger he put others in is inexcusable. Since sitting in jail, Mr. Kittleson internalized that reality. He felt empathy for the victims. In turn he has done what he can to atone. He recognizes a necessary prison sentence is in his future. That he will owe restitution. Payments that will follow him from prison to supervised release and likely beyond. Payments that represent the fear he caused in another. A worthy reminder. Mr. Kittleson's insights into his offense and his recognition that prison is a waste, will be two forces that hopefully give Mr. Kittleson a chance at creating a story that he wants. A sentence of 108 months punishes and provides the start of hope that he can do his time and never return.

Dated: July 26, 2023                                  Respectfully submitted,

                                                      s/ Aaron Morrison

                                                      AARON MORRISON
                                                      Attorney ID No. 0341241
                                                      Attorney for Defendant
                                                      107 U.S. Courthouse
                                                      300 South Fourth Street
                                                      Minneapolis, MN 55415